33 F.3d 56
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Pierre Q. PULLINS, Plaintiff-Appellant,
v.
The Honorable Togo D. WEST, Jr., Secretary of the Army,
Brigadier General Steven L. Repichowski, Commander, 123rd
United States Army Reserve Command, Major General Marvin G.
Back, former Command, now retired, Major Micheal Headly and
Captain Joseph A. Banich, 123rd United States Army Reserve
Command, Defendants-Appellees.
 No. 93-3355.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 9, 1994.[1]
Decided Aug. 19, 1994.
 
 Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Pierre Q. Pullins appeals from a district court order dismissing his mandamus action[2] against defendants pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 2
 Pullins is a reservist who, during 1991 and 1992, received seven "U" letters for unexcused absences. Pullins filed a request for redress, asking the Army to rescind the "U" letters and pay him for the days he was found to be absent. He was concerned that he be permitted to continue on to officer candidate school. Pullins then filed a mandamus action which the district court dismissed for lack of jurisdiction. Over the next year, nothing happened. Apparently due to the retirement of Pullins' commanding officer, the request for redress was never forwarded through the appropriate administrative channels. Nevertheless, Pullins was permitted to attend officer candidate school. Fourteen months after filing his request for redress,[3] Pullins filed this action. Pullins stated in the complaint that by this time, he knew "that the processing of the Article 138 [complaint] is again in the system, but at this point, [plaintiff] has no faith in the process." Pullins stated that the improper "U" letters cost him time, money, stress, might have endangered his chance of becoming an officer, and might have contributed to his loss of a civilian job.
 
 
 3
 Pullins asked the district court to order the Army to give notice to all service members that they had the right to file complaints under Article 138. He also wanted his commanding officer criminally prosecuted, and wanted the Justice Department to guarantee the protection of Pullins' rights in the future. The district court denied Pullins' request to proceed in forma pauperis, and Pullins filed a motion to reconsider, which was denied on July 28, 1993. We AFFIRM for the reasons stated in the attached July 28, 1993 order.[4]
 
 
 4
 Finally, after considering the insubstantial issue of unexcused absences, the fact that Pullins was never prevented from attending officer candidate school, and the inane relief requested by Pullins, we are hard pressed to find any value to the appeal Pullins has filed. Under Circuit Rule 38, this court may, on its own motion, impose sanctions on a party after determining that an appeal is frivolous. Before imposing sanctions, however, the court must notify the person that it is contemplating sanctioning him and give him an opportunity to respond. Cir.R. 38. On the court's own motion, then, we give Pullins 14 days from the date of this decision to show cause why we should not impose sanctions against him for filing a frivolous appeal.
 
 ATTACHMENT
 
 5
 UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF INDIANA
 
 INDIANAPOLIS DIVISION
 
 6
 PIERRE Q. PULLINS, Plaintiff,
 
 
 7
 vs.
 
 
 8
 JOHN W. SHANNON, et al., Defendants.
 
 
 9
 Cause No. IP 93-891-C.
 
 JUDGMENT
 
 10
 TINDER, District Judge.
 
 
 11
 The Court, having this day made its Entry,
 
 
 12
 IT IS NOW THEREFORE ADJUDGED AND DECREED that the plaintiff's request to proceed in forma pauperis is DENIED and this cause of action is DISMISSED WITHOUT PREJUDICE.
 
 Date: 7-28-93
 Copies to:
 
 13
 Pierre Q. Pullins, 3714 Yellow Poplar Court, Indianapolis, Indiana 46222
 
 
 14
 ORDER (1) DENYING REQUEST TO RECONSIDER DENIAL OF REQUEST TO
 
 
 15
 PROCEED IN FORMA PAUPERIS AND (2) DIRECTING ENTRY
 
 OF JUDGMENT
 
 16
 TINDER, District Judge.
 
 
 17
 This cause is before the Court on the plaintiff's motion to reconsider the denial on July 16, 1993 of his request to proceed in forma pauperis. For the reasons which follow, the plaintiff's request to reconsider will be denied and judgment dismissing this action without prejudice shall now issue.
 
 
 18
 In its Entry of July 16, 1993 the Court noted that the plaintiff seeks "what amounts to a mandamus action against present and former superiors in the Army Reserve."[1] Applying the first of the determinations to be made pursuant to 28 U.S.C. Sec. 1915(d), the Court found that the plaintiff was not indigent. Accordingly, his request to proceed in forma pauperis was denied and he was notified that he would have "until August 11, 1993 in which to prepay the $120.00 filing fee in this action or make a further demonstration that it would be overly burdensome for him to do so." Wasting no time, and with clear adeptness, the plaintiff has provided further documentation concerning his financial situation, including the facts that (1) he has been called back to work, (2) some of his bills are overdue and (3) he will be changing residences effective August 1, 1993. On this basis, the Court would consider some modification of the prior denial of the request to proceed in forma pauperis--probably an order permitting him to make installment payments.
 
 
 19
 This would lead, however, to consideration of the second aspect of review under Section 1915(d)--whether the action is frivolous or malicious. See Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Id.
 
 
 20
 According to the complaint, the plaintiff filed a grievance pursuant to 10 U.S.C. Sec. 938. This statute provides:
 
 
 21
 Any member of the armed forces who believes himself wronged by his officer, and who, upon due application to that commanding officer, is refused redress, may complain to any superior commissioned officer, who shall forward the complaint to the officer exercising general court-martial jurisdiction over the officer against whom it is made. The officer exercising general court-martial jurisdiction shall examine into the complaint and measures for redressing the wrong complained of; and he shall, as soon as possible, send to the Secretary concerning a true statement of that complaint, with the proceedings had thereon.
 
 
 22
 The subject of his grievance is not clear from his complaint, but seems to center on the failure of his superior officer, Captain Banich, to apologize for taking retaliatory measures against the plaintiff after an earlier grievance was filed. He checked on the status of his (second) grievance in late June 1993 and learned that a draft response had been prepared for General Marvin Back's signature but had not been signed and of course had not been issued. Similarly, a report to the Secretary of the Army had not been issued. General Back retired sometime between the submission of the second grievance and discovery of this incomplete processing in late June 1993. Significantly, the plaintiff states in his complaint that processing of his grievance is once again on track. He discounts the viability of this, however, because "at this point [he] has no faith in the process." Complaint, p 13.
 
 
 23
 On the basis of the foregoing Mr. Pullins seeks an interesting variety of relief. He first seeks an order from this Court compelling the United States Army Reserve Command "to advise servicemembers, who are subject to Title 10 Sec. 938, of their right to submit under that statute and they will not be retaliated against for doing so." He asks that commanders do this personally since under the present system the message is communicated only in a perfunctory manner. Second, he asks that he be allowed to petition the United States Justice Department "to see that [his] rights are restored and protected." Finally, he asks that charges be preferred against Captain Banich for his discriminatory acts and attitude.
 
 Discussion
 
 24
 To the extent a military regulation is mandatory, it will be enforced by the courts. Ornato v. Hoffman, 546 F.2d 10, 13 (2d Cir.1976). Thus, while a discretionary denial of relief under 10 U.S.C. Sec. 938 is not reviewable in district court, failure to respond to a serviceman's invocation of these procedures or failure to properly follow the procedures set in the statute is reviewable. Ayala v. United States, 624 F.Supp. 259, 262 (S.D.N.Y.1985), citing Smith v. Resor, 406 F.2d 141 (2d Cir.1969).
 
 
 25
 Having recognized as much, however, Mr. Pullins' complaint is legally frivolous from at least three perspectives.
 
 
 26
 First,
 
 
 27
 "a court should not review internal military affairs in the absence of (a) an allegation of the deprivation of a constitutional right, or an allegation that the military has acted in violation of applicable statutes or its own regulations, and (b) exhaustion of available intraservice correction measures."
 
 
 28
 Woodrick v. Hunderford, 800 F.2d 1413, 1416 (5th Cir.1986), quoting Mindes v. Seaman, 453 F.2d 197, 201 (5th Cir.1971). Assuming that Pullins has alleged the first of these, he is clearly admitted that the second (exhaustion of available intraservice correction measures) has been revived and is currently in progress. The fact that he may have no faith in it, evidently because of his anticipation that his grievance will be rejected, is not sufficient to render the procedure itself futile. See Greene v. Meese, 875 F.2d 639 (7th Cir.1989). As the Supreme Court noted, "[t]he basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." Parisi v. Davidson, 405 U.S. 34, 37 (1972). This purpose is served even if the grievance does not produce results which the grievant believes favorable and warranted. Pullins must complete the administrative process and await a response from the Army Reserve.
 
 
 29
 Second, Pullins seeks to enforce procedure for procedure's sake. This may not be accomplished. The constitutional purpose of mandatory procedures is to protect a substantive interest to which the individual has a legitimate claim of entitlement. Wallace v. Robinson, 940 F.2d 243, 248 (7th Cir.1991) (quoting Olim v. Wakinekona, 461 U.S. 238, 250 (1983)). We know from Paragraph 9 of the complaint that Pullins was allowed to attend Officers' Candidate School. This was the backdrop of the controversy asserted in IP 92-305-C, in which Pullins also sought injunctive relief and which was dismissed as frivolous for lack of jurisdiction. While coming short of concluding that Pullins has received all the relief to which he is entitled, his complaint fails to allege any problem or controversy which threatens him at present. It seems, therefore, that there is no justiciable controversy. This circumstances becomes particularly significant in light of the nature of the plaintiff's allegations, since
 
 
 30
 [w]e know that from top to bottom of the Army the complaint is often made, and sometimes with justification, that there is discrimination, favoritism or other objectionable handling of men. But judges are not given the task of running the Army. The responsibility for setting up channels through which such grievances can be considered and fairly settled rests upon the Congress and upon the President of the United States and his subordinates. The military constitutes a specialized community governed by a separate discipline from that of the civilian. Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters. While the courts have found occasion to determine whether one has been lawfully inducted and is therefore within the jurisdiction of the Army and subject to its orders, we have found no case where this Court has assumed to revise duty orders as to one lawfully in the service.
 
 
 31
 Orloff v. Willoughby, 345 U.S. 83, 93, 73 S.Ct. 534, 540 (1953).
 
 
 32
 Third, the relief Pullins seeks underscores the point just made. He, obviously, knows of his right to file a grievance under Section 938. He has no standing to assert the rights of other service members to be similarly informed, even accepting his dubious premise that they are not already aware of their rights. Next, he seeks leave to petition the Department of Justice for a restoration of his rights. This Court is not a gate through which he must pass in pressing any such petition. Finally, he asks to have Captain Banich prosecuted. That decision, of course, lies exclusively with the Executive Branch and could not be compelled by this Court even if it was inclined to do so. Leeke v. Timmerman, 454 U.S. 201 (1981) (an individual has no cognizable interest in compelling a criminal prosecution). Thus, the relief Pullins seeks is uniformly unavailable to him and this reinforces the conclusion that his complaint lacks an arguable basis.
 
 Conclusion
 
 33
 Through his motion to reconsider the plaintiff has demonstrated that prepayment of the full $120.00 filing fee would be a hardship. Nonetheless, consideration of his claims themselves shows the action to be without arguable basis and thus frivolous within the meaning of 28 U.S.C. Sec. 1915(d). The plaintiff's financial situation thus becomes irrelevant in the face of the frivolousness of his complaint. Compelling him to prepay the filing fee, whether at one time or in installments, would serve little purpose since the action could not conceivably withstand challenge. Accordingly, the previous denial of the plaintiff's request to proceed in forma pauperis is affirmed, the plaintiff's motion to reconsider is denied and this cause of action must now be dismissed without prejudice. Judgment consistent with this Entry shall now issue.
 
 
 34
 ALL OF WHICH IS ORDERED this 27th day of July 1993.
 
 Copies to:
 
 35
 Pierre Q. Pullins, 3714 Yellow Poplar Court, Indianapolis, Indiana 46222
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [2]
 We agree with the district court that plaintiff's suit "amounts to a mandamus action against present and former superiors in the Army Reserve." See Schatten v. United States, 419 F.2d 187, 192 (6th Cir.1969) (serviceman's complaint regarding his unexcused absences should be treated as a petition for writ of mandamus, not as a petition for writ of habeas corpus)
 
 
 [3]
 The request for redress is filed under Title 138 of the Uniform Military Code of Military Justice, which reads:
 "Any member of the armed forces who believes himself wronged by his officer, and who, upon due application to that commanding officer, is refused redress, may complain to any superior commissioned officer, who shall forward the complaint to the officer exercising general court-martial jurisdiction over the officer against whom it is made. The officer exercising general court-martial jurisdiction shall examine into the complaint and take proper measures for redressing the wrong complained of; and he shall, as soon as possible, send to the Secretary concerned a true statement of that complaint, with the proceedings had thereon." 10 U.S.C. Sec. 938.
 
 
 [4]
 While plaintiff filed a post-judgment motion 58 days following entry of the judgment, he did not file a notice of appeal from the denial of that motion. Consequently it is not before us on appeal. The district court did forward to this court the order it entered denying the post-judgment motion. The "new evidence" plaintif submitted consists of a letter and report from the Army Administrative Law Division stating that except as to Pullins' allegations of retaliation, the complaint was denied and was considered finally resolved. The retaliation complaint was being returned for additional investigation because there was insufficient information in the record to rebut Pullins' allegation
 
 
 [1]
 This characterization was proper. Schatten v. United States, 419 F.2d 187, 192 (6th Cir.1969)